**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SHAWN OLALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-125-JDK-KNM |
| | § | |
| PAUL JOHNSON, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shawn Olali initiated this lawsuit against District Attorney Paul Johnson pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice for lack of subject matter jurisdiction. Docket No. 10. Plaintiff filed written objections. Docket No. 16.

The Court reviews objected-to portions of the Report and Recommendation de novo. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made."). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

Here, Plaintiff is representing himself in a pending state criminal proceeding in Denton County, Texas. He complains that the prosecutor has not produced all discovery to him pursuant to Section 39.14(d) of the Texas Code of Criminal Procedure, which states that "[i]n the case of a pro se defendant, if the court orders the state to produce and permit the inspection of a document, item, or information under this subsection, the state shall permit the pro se defendant to inspect and review the document, item, or information but is not required to allow electronic duplication as described in Subsection (a)." *See* Docket No. 1 ¶ 8. Plaintiff submits that the rule is unconstitutional and asks the Court to order Defendant to produce all discovery. *Id.* ¶ 10.

Applying *Younger* abstention, the Report recommends dismissal of the complaint without prejudice pursuant to FED. R. CIV. P. 12(h)(3). Docket No. 10 at 3. The Report primarily recommends dismissal because there is a pending state criminal proceeding. *See* Docket No. 10. Plaintiff asserts that the Report fails to consider exceptions to *Younger* abstention, including extraordinary circumstances. Docket No. 16 at 5. Additionally, Plaintiff argues that the state trial court is bound by precedent to deny his requests for relief and is therefore incapable of fairly adjudicating his claims. *Id.*

The discretionary doctrine of federal court abstention, recognized in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), "is generally deemed appropriate where assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of criminal, civil, or even administrative character." *Word of*

*Faith Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993). The doctrine "remains controlling today, with particular application to interventions into state criminal procedures." *Daves v. Dallas County, Texas*, 64 F.4th 616, 625 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 548 (2024). *Younger* abstention is required where: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. *Id.* (quoting *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).

Any ruling in federal court concerning whether Plaintiff should receive electronic duplication of discovery materials would interfere with any contrary rulings made in the state court proceeding. Additionally, the state has an important interest in regulating the subject matter because "states have a vital interest in regulating their pretrial criminal procedures." *Daves,* 64 F.4th at n. 21. Finally, the Court considers whether there is an available state proceeding to present the constitutional challenges. *Id.* at 625; *Little v. Doguet*, 71 F.4th 340, 346 (5th Cir. 2023), *cert. denied*, 144 U.S. 1001 (2024). "Those procedures are adequate if they provide 'an opportunity to raise federal claims in the course of state proceedings.'" *Little*, 71 F.4th at 347 (quoting *Daves*, 64 F.4th at 629). Having an opportunity to raise those claims does not require an opportunity to litigate constitutional claims "in" the state proceeding nor does it require an immediate opportunity to resolve those constitutional challenges. *See id.* "[S]tate remedies are inadequate only where

'state law *clearly bars* the interposition of the constitutional claims.'" *Id.* (emphasis in original); *Daves*, 64 F.4th at 632. "'Texas state court procedures do not clearly bar the raising of' federal constitutional challenges to a state system." *Id.* at 348; *Daves*, 64 F.4th at 632. Plaintiff's assertion that the state court will follow precedent and rule against him does not rise to the level of exceptional circumstances nor bar him from raising a federal constitutional challenge in the state system. All three abstention conditions are satisfied and abstention is appropriate.

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 10) is **ADOPTED**. It is **ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

So **ORDERED** and **SIGNED** this **18th** day of **February, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE